IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY RAY FITCH**<br><br>    **Petitioner,**<br><br>v.<br><br>**ERIC WILLIAMS, Warden,**<br>**FCI Greenville**<br><br>    **Respondent.** | Case No. 20-CV-00611-SPM |

### MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Terry Ray Fitch filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") calculation of his sentence (Doc. 1). Fitch contends that he should receive credit on his federal sentence starting either on October 9, 2016, the date of his arrest, or on December 31, 2017, the date he was allegedly charged for his federal offense (*Id.*).

Respondent Eric Williams ("Williams") argues that Fitch's Petition should be dismissed because he failed to exhaust his administrative remedies prior to filing and because the time at issue was properly credited to Fitch's prior state sentence (Docs. 9, 11).

### FACTUAL & PROCEDURAL BACKGROUND

On February 5, 2016, Fitch was released via parole and began to serve a three-year term of mandatory supervised release pursuant to cases 2011CF460 and 2011CF543, which arose out of the Fourteenth Judicial Circuit in Rock Island, Illinois (Doc. 9, Ex. 1 at ¶ 3). Fitch was arrested again on October 9, 2016 and charged with

federal offenses, which resulted in his mandatory supervised release being revoked (*Id*. at ¶ 4). The federal court ultimately imposed a 210-month term of confinement, to run consecutive to his prior state sentence (*Id*. at ¶ 6). After the Illinois Department of Corrections calculated that his three-year mandatory supervised release term for his state sentence was satisfied on February 11, 2019, Fitch was released to the exclusive custody of federal authorities on July 17, 2019 (*Id*. at ¶¶ 9, 10).

On October 29, 2019, Fitch initiated the administrative remedy process by filing a "BP-9", which was denied (Doc. 9, Ex. 2 at ¶ 6). Fitch then appealed the denial via a "BP-10" on December 3, 2019 and was similarly denied (*Id*. at ¶ 7). When filing his "BP-11", Fitch's initial two submissions were rejected for lack of proper form (*Id*. at ¶¶ 8,9). His third submission, submitted on August 19, 2020, was accepted for consideration by the National Appeals Administrator, who closed his appeal with an explanation on October 7, 2020 (*Id*. at ¶ 10).

While Fitch was perfecting his "BP-11" submission, he commenced the instant § 2241 petition on June 24, 2020 (Doc. 1).

## DISCUSSION

The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may seek judicial review of this calculation in a § 2241 petition. *Romandine v. United States,* 205 F.3d 731, 736 (7th Cir. 2000). However, such claims are only reviewable after administrative remedies have been exhausted. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). Though there are certain narrow exceptions to this exhaustion requirement for § 2241

petitions, federal prisoners who invoke this burden face a high hurdle. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).

Here, Fitch himself admits that he had not yet received a reply from his administrative appeal at the "BP-11" level at the time of filing of this § 2241 petition. (Doc. 1 at p. 3). Fitch has also not asserted that any exception to the exhaustion requirement applies and the record shows that Fitch received a reply to his "BP-11" appeal on October 7, 2020 (Doc. 9 at p. 6). Therefore, Fitch failed to exhaust his administrative remedies prior to filing and this Petition should be denied.

However, even if Fitch had properly exhausted his administrative remedies, he would still not be entitled to the relief he seeks. 18 U.S.C. § 3585 governs the BOP's sentencing calculations and states that:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

The Seventh Circuit has consistently held that the time a federal prisoner spends in pre-sentence custody can only be credited towards his federal sentence if it

has not been credited against another sentence. *See United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996) ("The statute [§ 3585(b)] is explicit that you can get credit against only one sentence, and the defendant was already getting credit against the sentence for his parole violation."); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *Grigsby v. Bledsoe*, 223 F.App'x 486, 489 (7th Cir. 2007).

Here, Fitch has already been given credit on his federal sentence from October 9, 2016 to October 12, 2016 and from February 12, 2019 to July 16, 2019 (Doc. 9 at p. 10). Though he was released from custody via parole on February 5, 2016, Fitch was arrested again on October 9, 2016 and subject to mandatory supervised release revocation (Doc 9, Ex. 1 at ¶¶ 3, 4). This meant that Fitch was required to serve out the remainder of his three-year mandatory supervised release term for his state sentence, which was completed on February 11, 2019 (*Id.* at ¶ 9). Therefore, Fitch is not entitled to such credit for the intervening time, between October 13, 2016 and February 11, 2019, because this time is already being credited towards his prior state sentence. 18 U.S.C. § 3585(b).

## CONCLUSION

Terry Ray Fitch's Petition for habeas relief pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 9, 2021**

*s/Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**